NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: NINTENDO OF AMERICA INC.,**
*Petitioner*

2017-127

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Texas in No. 3:13-cv-04987-M, Chief Judge Barbara M.G. Lynn.

**ON MOTION AND PETITION**

Before PROST, *Chief Judge,* BRYSON and O'MALLEY, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Nintendo of America, Inc. petitions this court for a writ of mandamus directing the United States District Court for the Northern District of Texas to dismiss the underlying case or transfer it to the United States District Court for the Western District of Washington. Nintendo also moves to stay the trial proceedings pending this court's resolution of the mandamus petition. iLife Technologies, Inc. opposes the petition and motion.

In December 2013, iLife filed the underlying patent infringement suit against Nintendo in the Northern District of Texas. In its initial answer, and then again in its December 2014 amended answer, Nintendo "admit[ed] that "venue is proper in [that] [d]istrict pursuant to 28 U.S.C. §§ 1391 and 1400(b)." Nintendo also failed to argue that venue in the Northern District was improper when it moved unsuccessfully to transfer for inconvenient venue under 28 U.S.C. § 1404(a). The proceedings were stayed pending *inter partes* review of the asserted patents until the district court lifted the stay in July 2016. Jury selection is scheduled for August 14, 2017.

Nearly a year after the stay was lifted, the Supreme Court decided *TC Heartland LLC v. Kraft Foods Group Brands* LLC, 137 S. Ct. 1514 (2017), which held that for the case of domestic corporations the term "resides" in § 1400(b) refers to the State of incorporation. Shortly after that decision, Nintendo filed a motion requesting that the district court dismiss or transfer the case for improper venue. Nintendo argued, *inter alia*, that it did not "reside" in the district, under the Court's interpretation of § 1400(b). The district court denied that motion on June 27, 2017. Nintendo now seeks a writ of mandamus, arguing that it is entitled to dismissal or transfer of the case and that, "[e]ven if Petitioner were deemed to have waived its improper venue defense in 2014, Petitioner may raise it now under the intervening change of law exception."

The district court concluded that the *TC Heartland* decision "does not qualify as an intervening change in the law," and therefore Nintendo's failure to challenge venue at the time for filing Rule 12 motions to dismiss constituted a waiver of its venue argument. Because the district court found waiver on that ground, it did not reach the question "whether the Fifth Circuit recognizes an exception to waiver in circumstances such as these."

A party seeking a writ of mandamus bears the heavy burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). And even when those requirements are met, the court must still be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia.*, 542 U.S. 367, 381 (2004).

We need not decide whether the Supreme Court's decision in *TC Heartland* effected a change in the law, because even setting that question aside we conclude that the district court did not commit a clear abuse of discretion in denying Nintendo's motion to dismiss or transfer. At the outset of the case, Nintendo conceded that venue was proper in the Northern District of Texas. The case continued thereafter in the Northern District for more than three and a half years, during which time the district court entered numerous orders and opinions. Nintendo filed its motion to dismiss or transfer only after the Supreme Court's decision in *TC Heartland*, and less than three months before scheduled date of the trial. Under these circumstances, we conclude that Nintendo has not satisfied the exacting standards required for the issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to stay is denied.

(2) The petition for writ of mandamus is denied.

FOR THE COURT

<u>/s/ Peter R. Marksteiner</u>
Peter R. Marksteiner
Clerk of Court

s24